IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LENEXA HOTEL, LP, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>HOLIDAY HOSPITALITY FRANCHISING, )<br>INC., )<br>)<br>Defendant. ) | No. 2:15-cv-9196-KHV |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Lenexa Hotel LP ("Lenexa Hotel" or Plaintiff) and Defendant Holiday Hospitality Franchising, Inc. ("HHFI" or Defendant) hereby stipulate to this Stipulated Protective Order and the Court hereby finds as follows:

In the course of this commercial litigation, the parties agree it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this Proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information as identified in the following paragraphs A and B.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because the public disclosure of this information would cause specific harm to Plaintiff, Defendant and/or to others not parties to this litigation and therefore are subject to protection for good cause pursuant to Fed. R. Civ. P. 26(c)(2) and/or K.S.A. 60-3320 *et seq*. In addition, good cause exists because otherwise discovery would be

1

substantially hampered by the need to determine contemporaneously whether particular materials, information, and testimony are legally entitled to protection as trade secrets, proprietary, or otherwise.

A.     Documents and information that are subject to non-disclosure agreements between or among the parties hereto and/or third parties that pre-date this litigation and disclosure of such documents or information without the protection of confidentiality provided by this Order could breach the terms of those agreements.

B.     Documents and information that contain confidential and proprietary information of the parties hereto and of third parties, in the following categories: confidential commercial information relating to the parties' and third parties' business practices, financial records, competitive business strategies, research and development, technologies, contracts with third parties, actual revenue and revenue projections, sales records and sales projections, sales and pricing agreements with suppliers or vendors, business plans and proformas, and marketing strategies.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties joint request and hereby enters the following Protective Order:

1.     <u>Information to be Protected</u>.  All documents, testimony, and other discoverable information within the descriptions set out in paragraphs A and B above, whether in paper, electronic, machine-readable, or other form, that a party hereto, or third party, designates "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" in accordance with the procedure outlined below shall be subject to the terms and conditions of this Protective Order.

2. <u>Marking of Designated Materials</u>. (a) Documents that a party or third party reasonably and in good faith believes fall within the categories outlined in paragraphs A and B hereof and should be subject to this Protective Order shall be marked by placing the legend "CONFIDENTIAL" on each page of the document.

(b) Documents that a party or third party produces that it reasonably believes contain trade secrets or other proprietary information, or information the disclosure of which would cause a competitive disadvantage to the party or third party or give its competitors an advantage or benefit they otherwise would not have shall be marked "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" on each page of the document.

3. <u>Electronic Media</u>. To the extent that matter stored or recorded in the form of electronic, machine-readable or other media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) (hereafter "Computerized Material") is produced by any party or third party in such form, the producing party may designate such matter as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by cover letter identifying such material or by affixing to such media a label with the appropriate legend. Whenever any party to whom Computerized Material designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend indicated in the cover letter by which the material was sent or in accordance with the label affixed to the media on which it was sent.

4. <u>Reproducing Electronic Media</u>. To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information

that is designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," that party and/or its counsel must take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to the information therein, and shall affix to any media containing confidential information a label with the legend provided for in paragraph 2(a) or 2(b) above.

5. <u>Designation After Production</u>.  All materials that a party or third party seeks to have protected under this Order shall be marked before providing a copy thereof to a receiving party.  If materials already have been produced to another party, the party or third party producing such materials shall notify the other party as soon as practicable following entry of this Protective Order that such documents shall be marked and deemed "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" and shall be subject to this Protective Order.  Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Order, shall take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

6. <u>Use of Designated Materials</u>.  Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" may be used only for the purposes of preparing for and conducting investigation, discovery, pretrial, trial, and appellate proceedings in this litigation and any mediation or other settlement discussions or negotiations.

7. <u>Access to "CONFIDENTIAL" Materials</u>. Information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(a) the receiving party and directors, officers, employees, and former employees of the receiving party who are expected to be witnesses in this legal action or to whom it otherwise is necessary that the materials be shown for purposes of this action;

(b) counsel for a receiving party (including members and employees of such counsel's law firm);

(c) in-house counsel for a party, including paralegal assistants and stenographic and clerical employees within the respective party's legal department;

(d) persons employed by the receiving party's attorney to furnish expert or consultant services exclusively for this litigation, and the staffs of those persons, provided, however, that confidential information may not be disclosed to any expert or consultant who is also an agent, consultant to, or employee of any of the producing party's competitors, unless the producing party consents in writing prior to disclosure or the Court authorizes the disclosure;

(e) deponents incident to their depositions;

(f) the Court, its officers and employees;

(g) witnesses who are expected to testify in this action and to whose testimony the information is relevant;

(h) the author of the document to be disclosed;

(i) employees or agents of photocopy, printing, or data management services engaged for the purpose of reproducing or otherwise processing such information in this action; and

(j) such other persons as hereafter may be designated by written agreement of the parties or by Order of the Court.

The foregoing persons, other than those listed in subparagraph 7(f), shall be made aware of this Order and shall agree to be bound by it.

8. <u>Access to Materials Marked "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY"</u>. Information designated as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY"

shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    (a)    outside counsel for a party receiving the materials (including members and employees of such counsel's law firm);

    (b)    in-house counsel for a party, including paralegal assistants and stenographic and clerical employees within the respective party's legal department;

    (c)    persons employed by the receiving party's attorney to furnish expert or consultant services exclusively for this litigation, and the staffs of those persons, provided, however, that such materials may not be disclosed to any expert or consultant who is also an agent, consultant to, or employee of any of the producing party's competitors unless the producing party consents in writing prior to disclosure or the Court authorizes the disclosure;

    (d)    employees and former employees of the party that produced the materials; and

    (e)    the Court and court personnel.

Rules for the use and handling of materials marked "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" during the trial and any appeal in this matter shall established at a later date.

    9.    <u>Undertaking of Persons Receiving Designated Materials</u>.  Any person to whom information subject to this Order is to be disclosed who is listed in subparagraphs 7(d), (e), (g), and (j) and paragraph 8(c), and who is not an employee of a party hereto, shall acknowledge and confirm by Declaration, in the form of Exhibit "A" hereto, that (s)he has read this Protective Order and agrees to comply with its terms.  Attorneys of record shall be responsible for obtaining executed copies of Exhibit A from persons listed in this paragraph to whom they intend to disclose documents or information subject to this Order.  Such counsel shall not be required to disclose those executed Exhibit As except upon order of this Court.

    10.    <u>Interrogatory Answers</u>.  If an interrogatory seeks information or material that falls within any of the categories listed in paragraph A or B of this Order, the party answering such

interrogatory may answer the interrogatory separately from the other interrogatories with which it was served and shall designate such separate answer as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" (as appropriate pursuant to paragraph 2(a) or (b) of this Order) by so marking the pages containing the answer.

11. <u>Production By Others</u>.  In the event an opposing party or a third party produces documents or materials that contain information of a party or third party that falls within any of the categories listed in paragraph A or B of this Order without designating the materials "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," such latter party may designate those materials "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" by informing all other receiving parties thereof as soon as reasonably practicable but in no case less than 60 days before trial.  Upon receipt of such notice, the receiving parties shall promptly mark their copies of the material accordingly, shall thereafter treat the information as if it has been designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not qualified pursuant to this Order, shall take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

12. <u>Deposition Testimony</u>.

All depositions or portions of depositions taken in this action that contain information of a party that falls within any of the categories listed in paragraph A or B of this Order may be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" and thereby obtain the protections accorded other documents so designated.  Designations of

those pages of depositions which the designating party believes contain "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" information shall be made either on the record or by written notice to the other party within 15 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" during the 15-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" information shall be taken only in the presence of persons who are qualified to have access to such information.

13. <u>Subsequent Designations</u>.  (a) If a party or third party inadvertently produces documents or information that the party believes to be "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," the party or third party that inadvertently produced material may designate it within a reasonable period, but in no event less than 60 days prior to trial. Disclosure or production of material without appropriate marking or redaction shall not constitute a waiver of the right by any party to seek protection under this Order.

(b) With respect to deposition testimony, a party or third party must designate testimony that the party believes to be "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" within a reasonable period, but in no event less than 60 days prior to trial.

14. <u>Filings Under Seal</u>.  If any party or counsel for any party wishes to disclose any "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material in any affidavit, brief, memorandum of law, oral argument, or other paper filed in the Court in this

litigation, such papers or transcripts may be filed under seal only upon separate, specific motion and later order of the Court.  For purposes of this paragraph, if any party or counsel for any party intends to submit any affidavit, brief, memorandum of law, or other paper disclosing the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material of another party in this Proceeding, or third party, such disclosing party shall contemporaneously file a motion provided for in this Paragraph requesting that the designated material be filed under seal.  Any party whose confidential information is being disclosed in a submission to the Court in or with such affidavit, brief, memorandum, or other paper may join the submitting party's motion asking that the material be filed under seal or submit its own motion seeking such protection.  If a request to file material under seal is sustained, all parties to this case shall cooperate with the Court and the Clerk in filing such material and in establishing procedures for use of such material in this case.

      15.    <u>Subpoena of "CONFIDENTIAL" Materials</u>.  If a party in possession of "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material receives a subpoena or other legal compulsion seeking production or other disclosure of "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material, that party shall immediately give written notice to counsel for the party that produced the material and shall identify the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" material that has been sought and the date and time proposed for production or disclosure of the material. Any party objecting to the production or disclosure shall have the right to take timely action in the appropriate court or courts and the party from whom the material has been requested shall cooperate in such action.  In the event that such action is taken (e.g., a motion is filed), no "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS'

EYES ONLY" material that is the subject of said action to prevent disclosure shall be produced or disclosed without written approval by counsel of the objecting party or by order of the appropriate court(s).

16. <u>Protection of Non-Parties</u>. A non-party who or which is obligated to provide discovery in this action by deposition, production of documents or otherwise, may obtain the protections of this Order as to said nonparty's information that falls within one of the categories described in paragraph A or B of this Order simply by following the procedures set forth herein with respect to the designation of documents, materials, or testimony provided.  This Court, however, does not have jurisdiction over non-parties to order or require them to comply with the terms of this Order.

17. <u>Limitations Upon the Scope of Order</u>.  Nothing contained in this Protective Order shall affect the right of the party producing documents or information herein to disclose or use for any purpose any materials designated by it as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."  This Order shall not limit or affect the rights of any party to use or disclose any information that has not been obtained through, or derived as a result of, this litigation.

18. <u>Return of Materials Following Litigation</u>.  Within 60 days of the termination of this action, including any appeals, any party or third party who desires that "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials be returned by the opposing party(ies) shall notify counsel for a Receiving Party, and that Receiving Party's counsel shall make arrangements to return all copies of "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials so requested or, with permission in writing from the Designating Party, the Receiving Party may destroy some or all of the materials marked

"CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" instead of returning them.  Counsel for the parties shall give written notice within 7 days after termination of this action to any third parties that have produced documents pursuant to a subpoena and that have designated any materials as "CONFIDENTIAL" OR "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," so that such third parties can decide whether to request the return of materials pursuant to this paragraph. Outside counsel for the respective parties shall each certify in writing that all such materials of the opposing party have been returned or destroyed, as the case may be.  Notwithstanding this provision, outside counsel of record for each party are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if they contain "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials.  Any such archival copies that contain or constitute Protected Material remain subject to this Agreement as set forth in Section 23 ("Duration of Order") below.

19.     <u>Sanctions for Breach</u>.  Breach of this agreement may be punished by the contempt powers of the Court and also may give rise to a civil cause of action.  Within fourteen (14) days of a party learning of or suspecting a breach of this Order, such party shall give notice to the party believed to be in breach and request such party to take all appropriate steps to recover the information that was disclosed in violation of this Order and all appropriate steps to prevent or reduce harm to the party whose confidential information was disclosed.

20.     <u>Challenges to Designations</u>.  Nothing in this Protective Order constitutes a finding or admission that any "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials are in fact confidential or otherwise not subject to disclosure.  Any party may dispute the confidential nature of any "CONFIDENTIAL" or "CONFIDENTIAL - FOR

ATTORNEYS' EYES ONLY" materials or may dispute that the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" materials are entitled to the protections of this Order and may move the Court for removal of the "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" designation upon any such materials. Nothing in this Protective Order shall preclude the Court, <u>sua sponte</u>, from determining that a "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" designation is unwarranted and ordering the removal of such designation. If a dispute arises as to whether material, testimony, or information is entitled to protection pursuant to Fed. R. Civ. P. 26(c), the party seeking protection bears the burden of proving such protection is warranted. Neither a party's delay or failure to object or challenge the designation of materials, testimony and information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," nor a party's use of such materials as permitted by this Protective Order, including filing of such materials under seal, shall constitute an admission or agreement that the materials, testimony or information is entitled to legal protection.

21. <u>Inadvertent Disclosures</u>.  Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent or unintentional production of documents genuinely subject to work product immunity, trade secret immunity, or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party (or the party holding the privilege or immunity if produced by a third party such as an outside law firm) promptly after learning of the production notifies the receiving party in writing of such inadvertent production. No party to this Action thereafter shall assert that such inadvertent disclosure alone waived any privilege or immunity. Absent court order or agreement of the parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown

to anyone who was not given access to them prior to the request to return or destroy them.  The receiving parties will return such inadvertently produced items and all copies within seven (7) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request from the producing party for the return of such items.  The return of such items shall not be construed as an agreement by the returning party that the information is, in fact, protected by any privilege or immunity.  The receiving party, having so returned the items, may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure (without asserting waiver based solely on their inadvertent production).  Nothing in this Stipulated Protective Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by any privilege or immunity.  The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

22. <u>Additional Protection</u>.  The foregoing is entirely without prejudice to the right of any party to apply to this Court for any further protective order relating to any other document, information, or issue, or to modify this Order.

23. <u>Duration of Order</u>.  The confidentiality obligations imposed by this Protective Order shall remain in effect unless otherwise expressly ordered by the Court.  After the termination of this action, a party may seek leave to reopen this case for the purpose of seeking relief for any violation or threatened violation of this Order, although the Court's jurisdiction is terminated upon final disposition of the case.

IT IS SO ORDERED,

Dated this 3rd day of December 2015, at Kansas City, Kansas.

        s/ James P. O'Hara
Hon. James P. O'Hara
United States Magistrate Judge

The parties, through counsel, stipulate to the entry of the foregoing Order:

Date:  December 3, 2015

By:

/s/ **Brennan Fagan**_____
Brennan P. Fagan        KS  #20430
Fagan Emert & Davis, LLC
730 New Hampshire Street #210
Lawrence, KS 66044
(785) 331-0300 – Phone
(785) 331-0303 – Fax
bfagan@fed-firm.com

**SKEPNEK LAW FIRM**

William J. Skepnek
William J. Skepnek, Jr.
One Westwood Rd.
Lawrence, KS 66044
785-856-3100 - Phone
785-856-3099 - Fax
bskepnek@skepneklaw.com
wskepnek@skepneklaw.com

ATTORNEYS FOR PLAINTIFF

/s/  *David A. Jermann*_____
Edward R. Spalty     KS  #70069
David A. Jermann   KS #19686
Armstrong Teasdale LLP
2345 Grand Boulevard
Suite 1500
Kansas City, MO  64108-2617
816.221.3420 (phone)
816.221.0786 (fax)
espalty@armstrongteasdale.com
djermann@armstrongteasdale.com

ATTORNEYS FOR DEFENDANT

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LENEXA HOTEL, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 2:15-CV-09196-KHV |
| HOLIDAY HOSPITALITY FRANCHISING, INC., | ) |
| | ) |
| Defendant. | ) |

## DECLARATION AND CONFIDENTIALITY UNDERTAKING

I, _____, declare as follows:

1. My address and telephone number are _____

   _____.

2. I hereby acknowledge that I have received, or may receive, information designated as "CONFIDENTIAL" or "CONFIDENTIAL –FOR ATTORNEYS' EYES ONLY" under a PROTECTIVE ORDER of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such PROTECTIVE ORDER.

3. I further state that I have (i) been given a copy of, and have read, the PROTECTIVE ORDER, (ii) I am familiar with the terms of the PROTECTIVE ORDER, (iii) I agree to comply with, and to be bound by, each of the terms thereof, and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the PROTECTIVE ORDER.

4. I understand I am to (i) retain all of the materials I receive that have been designated as

16

"CONFIDNETIAL" in a secure and safe place in a manner consistent with this PROTECTIVE ORDER; and (ii) keep all such materials in my custody until I have completed my assigned duties, whereupon they and all copies thereof, are to be returned to the party who provided them to me. I further understand that I am required to deliver to the party who provided the designated materials any materials, memoranda, work notes, or other documents derived from documents designated as "CONFIDENTAIL" or "CONFIDENTIAL –FOR ATTORENYS' EYES ONLY" or containing any information disclosed therein. Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the PROTECTIVE ORDER. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the PROTECTIVE ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed

_____
Date