IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LENEXA HOTEL, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-9196-KHV |
| | ) | |
| HOLIDAY HOSPITALITY FRANCHISING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action arises from a franchise agreement for a Crowne Plaza hotel in suburban Kansas City.  In a complaint filed on August 4, 2015, the plaintiff-franchisee asserted claims against the defendant-franchisor for breach of contract and breach of fiduciary duty.[1]  Plaintiff now seeks leave to file an amended complaint that adds a claim of fraudulent inducement and a request for punitive damages (ECF No. 132).  Because the undersigned U.S. Magistrate Judge, James P. O'Hara, concludes plaintiff has established good cause for moving to amend after the deadline set by the scheduling order, and further finds defendant has failed to demonstrate the proposed amendment is untimely, would unfairly prejudice defendant, or is futile, the motion is granted.

---

[1] ECF No. 1.

## I.    Background

In early 2007, the parties began discussing the possibility of plaintiff's hotel in Lenexa, Kansas, which was operating as a Radisson hotel, becoming a Crowne Plaza hotel. Eventually, in May 2008, plaintiff signed a ten-year license agreement to become a Crowne Plaza franchise.  Under the agreement, defendant was the exclusive reservation agent for plaintiff.  After making significant renovations to "upscale" the hotel, plaintiff opened as a Crowne Plaza in May 2009.  Since opening as a Crowne Plaza, plaintiff's revenues have been lower than the parties projected.  Plaintiff blames this on defendant's failure to identify, in its marketing and reservation systems, plaintiff as a Crowne Plaza hotel located in the Kansas City market (as opposed to the Lenexa, Kansas market).

Plaintiff sued defendant for breach of contract in December 2012.[2]  Discovery commenced in that case, resulting in the parties exchanging some documents.  In August 2014, before the close of discovery, the parties agreed to dismiss the case without prejudice in order to pursue settlement negotiations.  After settlement talks broke down, plaintiff filed the instant suit in August 2015, alleging breach of contract and breach of fiduciary duty.[3]  By agreement of the parties,[4] discovery was initially stayed and did not commence until May 24, 2017 (upon the denial of defendant's motion to dismiss).[5]  Since that date, defendant has produced about 5.5 million pages of documents and the parties have taken

---

[2] D. Kan. Case No. 12-2775-KHV-TJJ.

[3] ECF No. 1.

[4] *See* ECF Nos. 19 and 20.

[5] *See* ECF No. 24.

numerous depositions.  Fact discovery closed on March 16, 2018, and expert discovery is scheduled to close on May 30, 2018.

As earlier indicated, plaintiff now seeks leave to file an amended complaint that adds a cause of action alleging defendant fraudulently induced plaintiff, through misrepresentation and by silence, to enter the license agreement.[6]  Plaintiff argues it did not have information necessary to meet Fed. R. Civ. P. 9(b)'s heightened pleading standard for asserting a fraud claim until it reviewed recently produced discovery and deposed defendant's key witnesses.  Defendant responds that, to the contrary, plaintiff knew the basis for its alleged fraudulent-inducement claim before filing its original complaint, and leave to amend should therefore be denied.

## II.    Analysis

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15 dictates the court "should freely give leave when justice so requires."[7]  When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) also is implicated.[8]  Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause."  Thus,

---

[6] Plaintiff's proposed amended complaint also contains a corresponding request for punitive damages, which defendant does not directly or separately oppose.

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014).

the Tenth Circuit has directed courts to use "Rule 16's good cause requirement as the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed."[9]  Only if the court finds good cause has been established by the moving party will it go on to determine whether the party should be granted leave to amend under Rule 15(a)(2).[10]

The scheduling order in this case set a deadline of March 8, 2016, for amending the pleadings.[11]  Because plaintiff didn't file the instant motion until March 21, 2018, the court will begin its analysis by applying Rule 16's good-cause standard.

### A. Application of Rule 16(b)(4)

Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment."[12]  To establish good cause, plaintiff must show it could not have met the March 8, 2016 scheduling-order deadline for amending pleadings despite its "diligent efforts."[13]  In making this showing, plaintiff "must provide an adequate explanation for any delay."[14]  "'Rule 16's good cause requirement may be satisfied . . . if a plaintiff learns new information through discovery'" but it is not satisfied "'[i]f the

---

[9] *Id.* at 1241.

[10] *Id.* at 1242; *Schneider v. Citimortgage, Inc.,* No. 13-4094-SAC, 2016 WL 344725, at *2 (D. Kan. Jan. 28, 2016).

[11] ECF No. 14 at 2.

[12] *Schneider,* 2016 WL 344725, at *2.

[13] *Gorsuch*, 771 F.3d at 1240.

[14] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009).

plaintiff knew of the underlying conduct but simply failed to raise [the] claims.'"[15] Ultimately, a determination of whether a movant has shown good cause for modifying the scheduling order lies within the court's sound discretion.[16]

The question presented here is whether plaintiff had enough information to plead its proposed fraudulent inducement (by misrepresentation and silence) claim on March 8, 2016. Under Kansas law, the elements of fraudulent misrepresentation are:

> (1) the defendant made false representations as a statement of existing and material fact; (2) the *defendant knew the representations to be false or made them recklessly* without knowledge concerning them; (3) the defendant made the representations intentionally for the purpose of inducing another party to act upon them; (4) the other party reasonably relied and acted upon the representations; [and] (5) the other party sustained damages by relying upon the representations.[17]

And the elements of fraud by silence are:

> (1) The *defendant had knowledge of material facts* that the plaintiff did not have and could not have discovered by the exercise of reasonable diligence; (2) the defendant was under an obligation to communicate the material facts to the plaintiff; (3) the defendant intentionally failed to communicate to the plaintiff the material facts; (4) the plaintiff justifiably relied upon the defendant to communicate the material facts to the plaintiff; and (5) the

---

[15] *Perez v. Denver Fire Dep't*, No. 17-1128, __ F. App'x __, 2018 WL 739380, at *3 (10th Cir. Feb. 7, 2018) (quoting *Gorsuch*, 771 F.3d at 1241); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248-49 (10th Cir. 2015) ("Because Appellants 'knew of the underlying conduct but simply failed to raise [their] claims,' they cannot establish 'good cause' under Rule 16." (citation omitted)); *Schneider*, 2016 WL 344725, at *5 (finding no "good cause" when plaintiffs discovered the facts underlying the amended complaint at least two months before filing their motion for leave to amend).

[16] *Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004); *see also Perez*, 2018 WL 739380, at *3 ("We afford 'wide discretion' to a district court's determination of whether good cause was shown under Rule 16(b)(4).").

[17] *Stechschulte v. Jennings*, 298 P.3d 1083, 1096 (Kan. 2013) (emphasis added).

plaintiff sustained damages as a result of the defendant's failure to communicate the material facts to the plaintiff.[18]

Fed. R. Civ. P. 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," but "intent, knowledge, and other circumstances of a person's mind may be alleged generally." Interpreting this particularity standard, the Tenth Circuit has stated that an allegation of fraud must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[19] When a complaint does not plead the *where, what, who,* and *when* of the alleged fraud, it will be dismissed.[20] Although knowledge only needs to be averred generally, the factual allegations pleaded must demonstrate the defendant's knowledge.[21] For example, this court dismissed a fraud-by-silence claim where a complaint failed to plead that defendants were "aware" of the allegedly uncommunicated facts when the parties entered a contract.[22] Similarly, this court dismissed a fraudulent-misrepresentation claim that did not state the particular individuals

---

[18] *Id.* at 1097 (emphasis added).

[19] *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quotation and citation omitted).

[20] *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1204 (D. Kan. 2001).

[21] *Larson v. Safeguard Properties, Inc.*, 379 F. Supp. 2d 1149, 1153 (D. Kan. 2005).

[22] *Kestrel Holdings I, L.L.C. v. Learjet, Inc.*, 316 F. Supp. 2d 1071, 1078 (D. Kan. 2004).

who made a specific misrepresentation, nor state when and where such misrepresentations were made.[23]

Plaintiff's proposed fraudulent-inducement claim asserts defendant had knowledge of material facts that plaintiff did not, and defendant made untrue statements about or omitted material facts to induce plaintiff into converting to a Crowne Plaza hotel.[24]  In support of this claim, the proposed amended complaint sets forth a number of factual allegations.[25]  Plaintiff argues it wasn't able to plead its fraud claim under Rule 9's particularity standard until it had information from which it could assesses *what* defendant *knew in the timeframe* leading up to the formation of the license agreement.  Plaintiff asserts that until it reviewed documents defendant produced in discovery and then deposed defendant's two main witnesses, Keith Biumi and Mike FitzMaurice, in February 2018, it "did not have any ability to assess what Defendant knew in 2007 or 2008 about problems with the Crowne Plaza brand, problems with hotels converting to the Crowne Plaza brand, problems with fast track conversions, and problems with conversions in suburban areas in secondary markets."[26]  Nor did plaintiff have evidence that defendant "knowingly and

---

[23] *Regal Ware, Inc. v. Vita Craft Corp.*, 653 F. Supp. 2d 1146, 1153-54 (D. Kan. 2006).

[24] ECF No. 132-1 at 54-55.

[25] This discussion begins at page 37 of plaintiff's proposed amended complaint, ECF No. 132-1.

[26] ECF No. 136 at 3.

strategically" (rather than negligently) "promoted the hotel as a Lenexa hotel, despite having represented that the hotel would be promoted as a Kansas City hotel."[27]

The court finds support for plaintiff's position that the documents produced in this case and the two depositions "were the first opportunity that plaintiff had in this case to learn the specifics of what [defendant] knew, and when [defendant] knew it."[28] In its factual allegations of fraudulent inducement, plaintiff's proposed amended complaint makes statements about the following:

- Defendant's knowledge around the time of the parties' contract discussions concerning defendant's growth strategy, citing such things as the minutes of a 2006 meeting (Bates No. HHF003290985) and a December 2007 PowerPoint presentation (Bates No. HHF002942675), both of which were produced by defendant in October 2017.

- Defendant's strategy and motivation in providing marketing material to hotel owners like plaintiff, as well as Biumi's motivations to close deals for defendant, citing to Biumi's February 2018 deposition.

- Defendant's intentional decision to promote plaintiff's hotel as a Lenexa hotel, rather than link it as a Kansas City hotel, citing to FitzMaurice's February 2018 deposition.

Defendant argues that before this case was even filed, and long before the March 2016 scheduling-order deadline for amending pleadings, plaintiff "knew the basis for its alleged fraudulent-inducement claim."[29] But the only evidence in support of its position

---

[27] *Id.* at 4-5.

[28] *Id.* at 3.

[29] ECF No. 134 at 2.

cited by defendant are documents demonstrating plaintiff "vocaliz[ed] its *suspicion* of a fraud claim."[30]  Defendant argues plaintiff "should have sought discovery relating to those suspicions during discovery in the [2012 lawsuit]."[31]  The undersigned, however, has no knowledge of the dynamics of the first lawsuit[32] and will not find a lack of diligence based on this conclusory statement.

Defendant also notes that plaintiff's 2015 complaint asserted allegations that defendant was identifying the hotel as located in the Lenexa, rather than Kansas City, market; and argues that by 2014 plaintiff possessed six of the documents it cites in its proposed amended complaint.  But, as discussed above, plaintiff has demonstrated that it could not have met the Rule 9(b) pleading standards until it actually learned (through later-produced documents and depositions) what defendant *knew*; for example, until it learned defendant made a conscious decision to identify the hotel with Lenexa, as opposed to doing so by oversight or mistake.

Finally, the court places no stock in defendant's argument that plaintiff should have sought discovery specific to its fraud theory either (1) when discovery first began in this case (in May 2017) or (2) when a lawsuit was filed by a different party in New York against defendant in July 2016 involving factual allegations similar to those made in plaintiff's

---

[30] *Id.* at 2, 8 (emphasis added).

[31] *Id.* at 10.

[32] Plaintiff represents, "Discovery in the initial action was restricted."  ECF No. 132 at 7.

proposed amended complaint.  The problem with this argument, among other things, is that both of these proposed "discovery start" dates fall after the March 8, 2016 scheduling-order deadline for amending the pleadings.[33]

The court finds plaintiff has provided an adequate explanation—learning of new, material information in recent discovery—to establish good cause for not seeking leave to add a fraudulent-inducement claim to its complaint before the deadline set in the scheduling order.  In reaching this conclusion, the undersigned expresses no opinion on whether plaintiff's amended complaint satisfies Rule 9(b)'s pleading standard, which is a separate issue.  Rather, the court is concluding the newly learned information is critical to plaintiff's attempt to meet that standard.

### B.  Application of Rule 15(a)

Because plaintiff has satisfied Rule 16(b)(4)'s good-cause standard, the court goes on to the Rule 15(a) analysis.  As mentioned above, Rule 15(a) anticipates the liberal amendment of pleadings.  Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate . . . to be headed."[34]  Nonetheless, a court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory

---

[33] Plaintiff also notes the factual allegations in the New York lawsuit focus on the 2012-2016 time period, not the pre-2008 time period that forms the basis of plaintiff's proposed fraudulent-inducement claim.  ECF No. 136 at 6.

[34] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[35]  Defendant argues leave to amend the complaint should be denied because the amendment would unfairly prejudice defendant, plaintiff unduly delayed in seeking the amendment, and the amendment would be futile.[36]

Undue Prejudice.  Defendant first argues leave to amend should be denied because allowing the proposed amended complaint would unduly prejudice defendant by adding a "whole different theory of liability" and by requiring defendant to spend more time and resources to defend against the new theory.[37]  The Tenth Circuit has determined that prejudice to the non-moving party is the most important factor in deciding a motion to amend the pleadings.[38]  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[39]  This occurs, most often, "when the amended claims arise out of a subject matter different from

---

[35] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[36] Defendant doesn't argue bad faith, dilatory motive, or failure to cure deficiencies previously allowed.

[37] ECF No. 134 at 15.

[38] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

[39] *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

what was set forth in the complaint and raise significant new factual issues."[40]  Defendant, as the party opposing the amendments, has the burden of showing prejudice.[41]

Defendant argues plaintiff's proposed fraudulent-inducement claim is a new theory of recovery focused on a time period (pre-contract formation) different than plaintiff's contract-based claims (post-contract formation), and defending against it will cause defendant undue prejudice.  Specifically, defendant asserts the new claim "would cause undue prejudice because significant additional time and resources will be required and substantially delay this action."[42]  Defendant states it "would need to take additional discovery . . . to refute the new fraudulent-inducement allegations," which would require defendant "to spend thousands more" on fees.[43]

Although almost any amendment invariably causes some "practical prejudice," defendant hasn't demonstrated that allowing the amendment would work an injustice.[44] The court disagrees with defendant's contention that the fraudulent-inducement claim

---

[40] *Id.*

[41] *Layne Christensen Co. v. Bro-Tech Corp.,* No. 09-2381-JWL, 2011 WL 3847076, at *4 (D. Kan. Aug. 29, 2011).

[42] ECF No. 134 at 16.

[43] *Id.* at 17.

[44] *Endecott v. Commercial Floorworks, Inc.*, No. 16-2190-JTM, 2017 WL 1650814, at *5 (D. Kan. May 2, 2017) ("While any amendment invariably causes some 'practical prejudice,' undue prejudice means that the amendment 'would work an injustice to the defendants.'" (citation omitted)); *Pouncil v. Branch Law Firm*, No. 10-1314, 2011 WL 5837230, at *3 (D. Kan. Nov. 21, 2011) (same).

arises out of a different subject matter than the contract claims. It's true that certain facts alleged in the proposed amended complaint only speak to the fraudulent-inducement claim, but many other facts—gleaned from discovery already completed—speak to both claims. The court acknowledges defendant *may* need to conduct limited new discovery to account for the newly relevant, pre-contract time period and new allegations about defendant's growth strategy for the Crowne Plaza brand. But defendant hasn't identified any specific information it needs to obtain in discovery from plaintiff. Indeed, plaintiff's proposed fraudulent-inducement claim is premised on information already *in defendant's possession*. Defendant doesn't contend that depositions must be re-opened or that new depositions would need to be taken. Finally, any prejudice defendant might otherwise suffer can largely be eliminated by permitting targeted new discovery and extending remaining case deadlines.[45] The court permits this relief below.

Undue Delay. Defendant next asserts plaintiff should be denied leave to amend its complaint because plaintiff unduly delayed in seeking to amend. When determining whether a party has "unduly delayed" in seeking amendment, the "[e]mphasis is on the adjective."[46] "Lateness does not of itself justify the denial of the amendment."[47] Rather,

---

[45] *See Pouncil*, 2011 WL 5837230, at *3 ("While allowing the late amendment will cause some prejudice to Defendants, it can largely be eliminated by extending some of the case deadlines.").

[46] *Minter*, 451 F.3d at 1205.

[47] *Id.* (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

13

the Tenth Circuit has directed that the court's focus should be on "the reasons for the delay."[48]  The court may refuse leave to amend "when the party filing the motion has no adequate explanation for the delay."[49]

Defendant first asserts plaintiff unduly delayed because "Plaintiff has had, at a minimum, suspicions of a fraud claim against [defendant] since 2010."[50]  But, as discussed above, a party may not successfully assert a fraud-based claim based only on *suspicions*.  Rule 9(b) requires particular knowledge of the circumstances constituting the fraud.  For this same reason, it's immaterial that plaintiff "closely followed" the New York lawsuit that asserts claims similar to those raised in the proposed amended complaint.  Until plaintiff had information about the circumstances of the alleged fraud perpetrated in *this* case, it cannot be faulted for not moving for leave to amend.

Plaintiff has adequately explained the timing of the filing of its motion for leave to amend.  Defendant made its first substantial document production on September 28, 2017.  Subsequent document production proceeded in chunks, with the last significant production occurring on November 10, 2017.  As mentioned before, defendant has produced about 5.5 million pages of documents.  Plaintiff states that, despite being hindered by the production's "overwhelming breath, and lack of organization,"[51] plaintiff's counsel

---

[48] *Id.* at 1206.

[49] *Id.* (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir.1993)).

[50] ECF No. 134 at 17-18.

[51] ECF No. 132 at 7.

14

"diligently worked to review" the documents.[52]  Plaintiff deposed Messrs. Biumi and FitzMaurice in February 2018.  Plaintiff states the documents and the testimony at these two depositions provided plaintiff, for the first time, the specifics of the "what, who, and when" of fraud necessary to assert a fraudulent-inducement claim in an amended complaint.  Less than two weeks after FitzMaurice's deposition, on the day plaintiff received the deposition transcript, plaintiff served defendant a copy of its motion for leave to amend and its proposed amended complaint.[53]  The court finds no undue delay on this record.

Futility.  Finally, defendant asserts leave to amend should be denied as futile because the statute of limitations bars any fraudulent-inducement claim.  "A proposed amendment is futile if the amended complaint would be subject to dismissal."[54]  In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[55]  Therefore, the court will only deny an amendment on the basis of futility when, accepting

---

[52] *Id.* at 4.

[53] Declaration of Tyler Hudson, ECF No. 137 at 2.  On March 7, 2018, plaintiff filed a motion for leave to file under seal its motion for leave to amend the complaint, attaching a copy of its motion and the proposed amended complaint.  ECF No. 126.  The court denied the motion to seal without prejudice, ECF No. 127, and plaintiff publicly filed its motion for leave to amended on March 21, 2018, ECF No. 132.

[54] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[55] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines that plaintiff has not presented a plausible claim.[56]  If the allegations in the proposed amended complaint show, on their face, that the statute of limitations has run, the fraudulent-inducement claim would be subject to dismissal.[57]  "The party opposing the proposed amendment bears the burden of establishing its futility."[58]

The parties agree that the proposed fraudulent-inducement claim is subject to the two-year statute of limitations found in Kan. Stat. Ann. § 60-513(a)(3).  They also agree that the claim accrued, and the limitations period began to run, when the alleged conduct forming the basis for the claim was or should have been discovered by plaintiff.[59]  "The issue of when a plaintiff discovered or should have discovered alleged fraud is a question of fact."[60]

---

[56]*Little*, 2013 WL 6153579, at *1 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[57] *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Silva v. Ekis*, No. 15-3007-CM, 2018 WL 1456523, at *2 (D. Kan. March 23, 2018) ("Because when a complaint shows on its face that the applicable statute of limitations has run, an action is subject to dismissal for failure to state a claim upon which relief can be granted." (quotation and citation omitted)).

[58] *Mars v. Novartis Pharm. Corp.,* No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[59] *See Thomas v. Sifers*, 535 F. Supp. 2d 1200, 1206 (D. Kan. 2007) ("Under Kansas law, fraud is discovered at the time of actual discovery or when, with reasonable diligence, the fraud could have been discovered.").

[60] *Id.*

Defendant argues the proposed amended complaint, on its face, shows that plaintiff "discovered or should have discovered the alleged misrepresentations or concealments by at least 2010."[61]  Defendant points to four allegations in the proposed amended complaint in support of its argument:

- "By September 2010, Crowne Plaza owners in major markets began to ask questions about the Crowne Plaza brand."[62]

- "Emails in late May 2009 reveal that [defendant's] key word purchases and indexing of [defendant] on the internet were linked almost exclusively to Lenexa, Kansas."[63]

- "[In November 2009, FitzMaurice] wrote [plaintiff] saying: 'I will not support Kansas City-Overland Park [as the name of plaintiff's hotel].'"[64]

- "By July 2009, [plaintiff] also started to notice that [defendant's] Central Reservation Office (CRO) was sending almost no business to [plaintiff]. This led to an investigation by [plaintiff] of the [defendant's] call centers that has lasted for six years."[65]

Considering these factual allegations in the light most favorable to plaintiff, the undersigned cannot say that they clearly demonstrate plaintiff's proposed fraudulent-inducement claim is time barred, such that permitting the claim would be futile.[66]  Because

---

[61] ECF No. 134 at 19.

[62] ECF No. 132-1 at ¶ 179.

[63] *Id.* at ¶ 110.

[64] *Id.* at ¶ 113.

[65] *Id.* at ¶ 117.

[66] The undersigned reaches the same conclusion as to defendant's one-sentence, undeveloped argument that plaintiff's proposed fraudulent-inducement claim is "identical

plaintiff's proposed amendments do not unquestionably establish the fact that plaintiff knew or should have known of the alleged fraud by 2010, the undersigned exercises discretion and grants plaintiff leave to file its proposed amended complaint. Defendant is not precluded, however, from reasserting its statute-of-limitations argument in a motion under Rule 12(b)(6) or Rule 56.

Given "the absence of any apparent or declared reason" to disregard Rule 15(a)'s mandate "that leave to amend 'shall be freely given,'" the undersigned grants plaintiff's request to file an amended complaint asserting a fraudulent-inducement claim and demand for punitive damages.

IT IS THEREFORE ORDERED that plaintiff's motion to file an amended complaint is granted. By **April 30, 2018**, plaintiff shall file its amended complaint as a separate docket entry.

IT IS FURTHER ORDERED that the final pretrial conference scheduled for June 20, 2018, is cancelled, and defendant is relieved of its obligation to submit a proposed pretrial order by June 8, 2018. By **May 7, 2018**, the parties are ordered to confer and jointly submit to the undersigned's chambers a proposed new schedule for any additional discovery, submission of a proposed pretrial order, and dispositive motions.

---

to Plaintiff's breach of contract claims and would be barred by the economic loss rule." ECF No. 134 at 19. This single statement is simply not enough to meet defendant's burden of demonstrating futility.

Dated April 26, 2018, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge